# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>ONLINE STORAGE ACCOUNT ASSOCIATED WITH<br>WIRELESS NUMBER 828-443-7771 LOCATED AT<br>SYNCHRONOSS TECHNOLOGY, BRIDGEWATER, NJ | )<br>)<br>)  Case No. 1:18mj62<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____New Jersey_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before ___June 19, 2018___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Dennis L. Howell, U.S. Magistrate Judge_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___June 5, 2018 at 12:38 pm___    ___/s/ Dennis L. Howell___
                                                                                          Judge's signature

City and state:    ___Asheville, North Carolina___    ___Dennis L. Howell, U.S. Magistrate Judge___
                                                                         *Printed name and title*
                                                                         Western District of North Carolina

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# **ATTACHMENT A**

The property to be searched is the Synchronoss Technologies online storage account associated with the Verizon Wireless telephone number 828-443-7771, that is stored at premises owned, maintained, controlled, or operated by Synchronoss Technologies, a company with offices located at 200 Crossing Blvd. Bridgewater, NJ 08807.

# ATTACHMENT B

## Particular Things to be Seized

I.   **Information to be disclosed by Synchronoss Technologies to the government.**

Synchronoss Technologies (hereafter "Synchronoss") shall disclose to the government the following information associated with online storage account "828-443-7771" (hereafter the "Online Storage Account"), which is within the possession, custody, or control of Synchronoss, including all records, files, logs, or information that have been deleted but are still available to Synchronoss, or that have been preserved pursuant to a request made under 18 U.S.C. § 2703(f):

A.   Items of evidence related to the sexual exploitation of children, as well as the illegal transportation, distribution, or possession of child pornography, including the following:

1.   All incoming and outgoing text message (SMS) content;

2.   Mobile number subscriber information, including the make and model of handset(s) associated with the account;

3.   Call detail records (CDR), text detail records (TDR), incoming and outgoing multimedia message (MMS) content including photos, videos, and other attachments, pertaining to the Online Storage Account, from the earliest records available, through the date of service of this search warrant;

B.   Information pertaining to the identification of the subscriber of the Online Storage Account, including the subscriber's full name, physical and mailing addresses, billing information, and any other names, user names, screen names, or other identifiers, telephone numbers, or e-mail addresses attached to or associated with the account; records of session times and durations; the date on which the account was created, the length of service, and the IP address used to register the account; log-in IP addresses associated with session times and dates;

account status; methods of connecting; log files; and means and source of payment (including any credit or bank account number);

      C.      The types of service utilized by the user;

      D.      All records, files, or other data stored by an individual using the Online Storage Account;

      E.      All records pertaining to communications between Synchronoss and any person regarding the Online Storage Account, including contacts with support services and records of actions taken;

Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer shall not be required for the service or execution of the search warrant. The foregoing records and information may be copied onto removable electronic storage media (e.g. CD-R together with a written attestation identifying the serial number of the CD-R for authentication purposes) and delivered to the officer serving this warrant, via the United States Postal Service, or another qualified courier service; or made available via secure online portal for download by law enforcement.

**II.**    **Information to be seized by the government.**

All information described above in Section I that constitutes contraband or evidence of violations of Title 18, United States Code, Sections 2252A(a)(1), (a)(2), and (a)(5)(B), namely the transportation, distribution, and possession of child pornography, from the initial opening of the user's account, to the date of Synchronoss's response to the warrant, including:

      A.      Information relating to who created, used, or stored information in the Online Storage Account, including records about their identities and whereabouts;

      B.      Email messages, records, transactional data and stored information that contain

contraband or constitute evidence of, or that may have been used to facilitate violations of, Title 18, United States Code, Sections 2252A(a)(1), (a)(2), and (a)(5)(B), namely the transportation, distribution, and possession of child pornography.

C.  Email messages, records, transactional data and stored information that were used or are capable of being used to commit or further violations of Title 18, United States Code, Sections 2252A(a)(1), (a)(2), and (a)(5)(B), namely the transportation, distribution, and possession of child pornography, or to create, access, or store evidence of such crimes.

D.  All records, documents, invoices, or materials associated with the Online Storage Account that concern accounts with an Internet service provider or a telephone service provider whose services may have been used in the commission of violations of Title 18, United States Code, Sections 2252A(a)(1), (a)(2), and (a)(5)(B), namely the transportation, distribution, and possession of child pornography.

**III.    Search procedure.**

The warrant will be executed under the Electronic Communications Privacy Act, and in particular, 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A), and will require Synchronoss to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of this attachment.

A.  Upon receiving the information from Synchronoss, government personnel will perform an initial review of all non-privileged information. This initial review will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. During the initial review, government personnel will segregate the information into two groups: (i) information that is subject to seizure under Section II of this attachment; and (ii) information that is not subject to seizure under Section II of this attachment. If the government

needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete its review of the information provided by Synchronoss within 180 days of the date of execution of the warrant. If the government needs additional time to complete its review, it may seek an extension of the time period from the Court within the original 180-day period from the date of execution of the warrant.

  B. Government personnel will seize information subject to seizure under Section II of this attachment by copying it onto a separate storage device or medium. Such information may be used by law enforcement in the same manner as any other seized evidence.

  C. Government personnel will seal any information not subject to seizure under Section II of this attachment in a secure location. Such information will not be reviewed again without further order of the court (*e.g.*, subsequent search warrant or order to unseal by the court).

ATTACHMENT B    PAGE 4

Case 1:18-mj-00062-DLH   Document 1   Filed 06/05/18   Page 7 of 7